1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    GUILLERMO TRUJILLO CRUZ,            Case No. 23-cv-05759-HSG

8              Plaintiff,                **ORDER TO SHOW CAUSE WHY
                                         PLAINTIFF SHOULD NOT BE
9         v.                             DENIED LEAVE TO PROCEED IN
                                         FORMA PAUPERIS; DENYING AS
10   THOMPSON, et al.,                   MOOT REQUEST FOR COPY;
                                         DENYING REQUEST FOR
11             Defendants.               EXTENSION OF TIME**

12                                       Re: Dkt. Nos. 5, 7, 8

13

14         Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant

15   to 42 U.S.C. § 1983.  Plaintiff has requested leave to proceed *in forma pauperis*.  Dkt. No. 5.  He

16   has also requested that the Court provide him with a copy of the complaint that he mailed to the

17   Court by United States mail so that he may comply with the Court's electronic filing requirement,

18   and a blank civil rights complaint form and *in forma pauperis* application, Dkt. No. 7; and has

19   requested a 90-day extension of time to file an amended complaint adding additional defendants,

20   Dkt. No. 8.  For the reasons set forth below, the Court orders Plaintiff to show cause why his

21   request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes

22   provision set forth in 28 U.S.C. § 1915; DENIES as moot Plaintiff's request for a copy of his

23   complaint and a blank copy of the Court's civil rights complaint form and *in forma pauperis*

24   application, Dkt. No. 7; and DENIES without prejudice Plaintiff's request for a 90-day extension

25   of time to file an amended complaint adding additional defendants, Dkt. No. 8.

26   //

27   //

28   //

United States District Court
Northern District of California

**DISCUSSION**

**I.     Plaintiff's Request for Leave to Proceed *In Forma Pauperis***

    **A.     28 U.S.C. § 1915(g)**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which became effective on April 26, 1996.  The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit gives this guidance:  The phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ( "*Andrews I*").  A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'"  *Id.* (citation omitted).  "A case is malicious if it was filed with the 'intention or desire to harm another.'"  *Id.* (citation omitted). "Not all unsuccessful cases qualify as a strike under § 1915(g).  Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  *Id.* at 1121.  A district court is not required to announce in an order that its dismissal constitutes a strike under Section 1915(g) for that dismissal to later count as a strike.  *Id.* at 1119 n.8.

In determining whether a prior dismissal counts as a strike, the Court "should look to the substance of the dismissed lawsuit, and not to how the district court labelled or styled the dismissal." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019) (internal quotations marks and citation omitted).  To be counted as a strike, a case must be dismissed in its entirety as frivolous, malicious or for failure to state a claim.  *Id.* at 674.  A dismissal based solely on a finding that the plaintiff previously incurred at least three strikes, without any additional finding that the action is

United States District Court
Northern District of California

United States District Court
Northern District of California

1    itself frivolous, malicious or fails to state a claim, does not count as an additional strike under

2    § 1915(g).  *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016)

3         The plain language of the imminent danger clause in Section 1915(g) indicates that

4    "imminent danger" is to be assessed at the time of filing of the complaint.  *See Andrews v.*

5    *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*").  The conditions that existed at

6    some earlier or later time are not relevant.  *Id.* at 1053 & n.5 (post-filing transfer of prisoner out of

7    prison at which danger allegedly existed may have mooted request for injunctive relief against

8    alleged danger, but did not affect Section 1915(g) analysis).  "[T]he imminent danger exception to

9    the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the

10   violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022).  The

11   court "should not make an overly detailed inquiry into whether the allegations qualify for the

12   [imminent danger] exception." *Andrews II*, 493 F.3d at 1055.  It is sufficient if the complaint

13   "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury'

14   at the time of filing." *Id*.

15        The Ninth Circuit requires that the prisoner be given notice of the potential applicability of

16   Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear

17   the ultimate burden of persuasion that Section 1915(g) does not bar *in forma pauperis* status for

18   him.  *Andrews I*, 398 F.3d at 1120.  *Andrews I* implicitly allows the Court to *sua sponte* raise the

19   Section 1915(g) issue, but requires the Court to notify the prisoner of the earlier dismissals it

20   considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard

21   on the matter before dismissing the action.  *Id.*  A dismissal under Section 1915(g) means that a

22   prisoner cannot proceed with his action *in forma pauperis* under Section 1915(g).  However, the

23   prisoner may still pursue his claims if he pays the full filing fee at the outset of the action.

24        **B.      Prior Denials of *In Forma Pauperis* Status**

25        Plaintiff is a frequent litigant.  Plaintiff has filed at least thirty-nine cases in the Eastern

26   District of California, *see, e.g.*, *Trujillo v. Alvarez*, C No. 14-cv-00976-LJO-EPG; *Guillermo*

27   *Trujillo Cruz v. Gomez, et al.*, C No. 15-cv-00859-EPG; *Cruz v. Biter, et al.*, C No. 17-cv-00084-

28   AWI-MJS; *Cruz v. Valdez*, C No. 18-cv-00571-DAD-EPG; and *Cruz v. Chappuis*, C No. 19-cv-

1    01467-WBS-EFB.  Plaintiff has filed at least fourteen cases in the Northern District, including the

2    instant action.  *See Cruz v. Calderon, et al.*, C No. 23-cv-05653 HSG; *Trujillo Cruz v. Davis*, C

3    No. 22-cv-6219 HSG; *Trujillo Cruz v. Calderon*, C No. 22-cv-5556 HSG; *Cruz v. Simpson*, C No.

4    22-cv-4898 HSG; *Cruz v. Valdez, et al.*, C No. 22-cv-04627 HSG; *Trujillo Cruz v. Etzel*, C No.

5    22-cv-3742 HSG; *Cruz v. Bedusa*, C No. 22-cv-00670 HSG; *Cruz v. Chandler*, C No. 20-cv-

6    03421 HSG; *Cruz v. Ortiz*, C No. 20-cv-00176; *Cruz v. Pierston*, C No. 19-cv-08039 HSG; *Cruz*

7    *v. Ford*, C No. 19-cv-7649 HSG; *Cruz v. Kumbat*, C No. 19-cv-05825 HSG; and *Cruz v.*

8    *Gutierrez*, C No. 19-cv-04726 HSG.  In almost all these cases,[1] the Court either denied Plaintiff

9    leave to proceed *in forma pauperis* or revoked his *in forma pauperis* status pursuant to 28 U.S.C. §

10   1915(g), finding that Plaintiff had at least three cases dismissed that counted as "strikes" and had

11   not demonstrated that he qualified for the imminent danger exception.  *See, e.g., Cruz v. Gutierrez*,

12   C No. 19-cv-04726 HSG, Dkt. No. 15 (Jan. 16, 2020), Dkt. No. 19 (Mar. 6, 2020) (revoking leave

13   to proceed *in forma pauperis*); *Cruz v. Kumbat*, C No. 19-cv-05825 HSG, Dkt. No. 11 (Jan. 16,

14   2020), Dkt. No. 16 (Mar. 19, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v.*

15   *Pierston*, C No. 19-cv-08039 HSG, Dkt. No. 8 (Jan. 16, 2020), Dkt. No. 14 (Mar. 9, 2020); *Cruz v.*

16   *Ford*, C No. 19-cv-7649 HSG, Dkt. No. 13 (Mar. 9, 2020) (revoking leave to proceed *in forma*

17   *pauperis*); *Cruz v. Ortiz*, C No. 20-cv-00176 HSG, Dkt. No. 15 (Jun. 22, 2020); *Cruz v. Chandler*,

18   C No. 20-cv-3421 HSG, Dkt. No. 7 (Sept. 28, 2020); and *Cruz v. Bedusa*, C No. 22-cv-00670

19   HSG, Dkt. No. 5 (Feb. 16, 2022).

20          **C.      Prior Strikes**

21          The Court has reviewed Plaintiff's prior cases and finds that he has at least three cases

22   which were dismissed as either frivolous or malicious, or for failure to state a claim:

23          (1)      *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC) (E.D. Cal.).  In *Sherman*, the

24   initial complaint was not screened because Plaintiff obtained leave to file an amended complaint

25   prior to screening.  The amended complaint sued correctional officer Sherman in his official and

26

27   _____

28   [1] In the two cases filed in 2023, this case and *Cruz v. Calderon, et al.*, C No. 23-cv-05653 HSG, the Court has ordered Plaintiff to show cause why his requests for leave to proceed *in forma pauperis* should not be denied pursuant to 28 U.S.C. § 1915(g).

United States District Court
Northern District of California

1   individual capacities for failing to protect Plaintiff from a November 1, 2013 attack, and sought

2   monetary damages.  The amended complaint was dismissed with leave to amend for failing to

3   state a cognizable failure to protect claim against defendant Sherman because there were no facts

4   alleged from which it could be inferred that defendant Sherman knew of or disregarded any risk of

5   harm to Plaintiff from assault in November 2013; because defendant Sherman could not be held

6   liable solely based on his role as a supervisor; and because a suit for monetary damages may not

7   be brought against a state official in his official capacity.  *Sherman*, Dkt. No. 20 (Mar. 17, 2015).

8   The second amended complaint sued correctional officer Ramos, an appeals coordinator, for

9   failing to protect Plaintiff from a November 1, 2013 attack, and sought monetary damages, and

10   also appeared to seek to bring suit against correctional officer Sherman, Lt. John Doe, the CDCR,

11   and other unnamed state agencies.  The *Sherman* court dismissed the second amended complaint

12   for failure to state a claim because it lacked basic facts, including what happened and who was

13   involved; because the second amended complaint failed to link defendant Ramos to any

14   constitutional violation; because the Eleventh Amendment barred suit against the CDCR and any

15   other state agencies; because defendant Ramos could not be held liable solely based on his role as

16   a supervisor; and because there were no facts alleged from which it could be inferred that

17   defendants Sherman or Lt. John Doe knew of or disregarded any risk of harm to Plaintiff from

18   assault in November 2013.  *Sherman*, Dkt. No. 22 (Apr. 24, 2015).  The Court has carefully

19   evaluated the order dismissing *Sherman* and considered the substance of *Sherman*, and finds that

20   *Sherman* qualifies as a strike because the case was dismissed in its entirety for failure to state a

21   claim.  *Andrews I*, 398 F.3d at 1121 ("§ 1915(g) should be used to deny a prisoner's IFP status

22   only when, after careful evaluation of the order dismissing an action, and other relevant

23   information, the district court determines that the action was dismissed because it was frivolous,

24   malicious or failed to state a claim"); *Harris*, 935 F.3d at 674 (to be counted as strike, case must

25   be dismissed in its entirety as frivolous, malicious or for failure to state claim).

26           (2)      *Cruz v. Ruiz*, C No. 1:14-cv-00975-SAB (PC) (E.D. Cal.).  In *Ruiz*, the initial

27   complaint sued Kern Valley State Prison correctional officers Ruiz and Boyd for depriving

28   Plaintiff of his property.  The initial complaint was dismissed because the claim that defendants

1    Ruiz and Boyd had confiscated his property without authorization did not state a federal

2    constitutional claim since California law provides an adequate post-deprivation remedy for any

3    property deprivation and because a state law tort claim against a public entity must allege

4    compliance with California's Tort Claims Act.  Plaintiff was granted leave to file an amended

5    complaint.  *Ruiz*, Dkt. No. 11 (Nov. 7, 2014).  In his amended complaint, Plaintiff alleged that

6    correctional officer Ruiz deliberately deprived him of his property "as retaliation, vengeance,

7    negligence, and with intentional wrong doing (sic) to inflict emotional distress," and that

8    correctional officer Ramos prevented Plaintiff from exhausting administrative remedies by not

9    timely responding to his grievances.  The *Ruiz* court dismissed the amended complaint for failure

10   to state a claim because actions in reviewing grievances cannot serve as a basis for Section 1983

11   liability; because the amended complaint's conclusory allegations did not support an inference that

12   Plaintiff's property was taken because of activity protected by the First Amendment; because the

13   property claim was not cognizable under federal law; and because the property claim was not

14   cognizable under state law because Plaintiff again failed to allege compliance with the California

15   Tort Claims Act.  *Ruiz*, Dkt. No. 22 (Jan. 5, 2016).  In its order of dismissal, the *Ruiz* court

16   specified that the action was dismissed for failure to state a claim upon which relief could be

17   granted and that the action counted as a strike within the meaning of 28 U.S.C. § 1915(g).  *Cruz v.*

18   *Ruiz*, No. 1:14-CV-00975-SAB-PC, 2016 WL 8999460, at *3 (E.D. Cal. Jan. 6, 2016), *aff'd sub*

19   *nom. Trujillo v. Ruiz*, 688 F. App'x 435 (9th Cir. 2017).  The Court has carefully evaluated the

20   order dismissing *Ruiz* and considered the substance of *Ruiz*, and agrees that this action qualifies as

21   a strike because the case was dismissed in its entirety for failure to state a claim.  *Andrews I*, 398

22   F.3d at 1121; *Harris*, 935 F.3d at 674.

23         (3)    *Cruz v. Gomez*, C No. 1:15–cv–00859–EPG, 2017 WL 1355872 (E.D. Cal. Feb. 3,

24   2017).  In *Gomez*, the initial complaint alleged that Kern Valley State Prison correctional officer

25   Gomez had damaged Plaintiff's property during a cell search, and later retaliated against Plaintiff

26   by refusing to allow him to attend school and sending him to the administrative segregation unit

27   for possession of an inmate-manufactured weapon.  The initial complaint was dismissed for failure

28   to state any cognizable claim for relief because the allegations were insufficient to state a

United States District Court
Northern District of California

1    retaliation claim in that the complaint did not clearly allege facts demonstrate that adverse action

2    was taken against Plaintiff because he engaged in protected conduct; because the unauthorized

3    deprivation of property does not state a federal constitutional claim; and because there was no

4    allegation demonstrating compliance with California's Government Claims Act, which is required

5    to state a state law tort claim.  Plaintiff was granted leave to file an amended complaint.  *Gomez*,

6    Dkt. No. 11 (Oct. 4, 2016).  The first amended complaint alleged that Kern Valley State Prison

7    correctional officers Gomez and Sanchez intentionally damaged Plaintiff's property during a cell

8    search; and that defendant Gomez later retaliated against Plaintiff by damaging and throwing away

9    his property, refusing to allow him to attend school, and sending him to the administrative

10   segregation unit for possession of an inmate-manufactured weapon.  The *Gomez* court dismissed

11   the first amended complaint for failure to state a claim because the first amended complaint again

12   failed to allege sufficient facts to indicate that defendant Gomez confiscated or damaged

13   Plaintiff's property in retaliation for Plaintiff filing a grievance; because the unauthorized

14   deprivation of property does not state a federal constitutional violation; because it failed to state a

15   state law tort claim because no facts were alleged demonstrating compliance with California's

16   Government Claims Act; because it was devoid of facts suggesting that Defendants prevented

17   Plaintiff from engaging in litigation; because actions in reviewing or not reviewing grievances

18   cannot serve as a basis for Section 1983 liability; and because it failed to link any defendant to an

19   alleged constitutional violation.  Plaintiff was granted leave to file a second amended complaint.

20   *Gomez*, Dkt. No. 13 (Dec. 16, 2016).  The second amended complaint alleged that defendants

21   Gomez and Sanchez destroyed Plaintiff's property during a cell search in retaliation for Plaintiff's

22   filing a grievance.  The *Gomez* court dismissed the second amended complaint with prejudice for

23   failure to state a claim because a property deprivation claim does not state a federal constitutional

24   claim and the factual allegations did not plausibly state a First Amendment retaliation claim.

25   *Gomez*, Dkt. No. 21 (Feb. 3, 2017).  In its order of dismissal, the *Gomez* court specified that the

26   action was dismissed for failure to state a claim upon which relief could be granted and that the

27   action counted as a strike within the meaning of 28 U.S.C. § 1915(g).  *Cruz v. Gomez*, C No. 115-

28   CV-00859-EPG (PC), 2017 WL 1355872, at *4 (E.D. Cal. Feb. 3, 2017), *aff'd sub nom. Trujillo v.*

United States District Court
Northern District of California

7

1    *Gomez,* 698 F. App'x 368 (9th Cir. 2017).  The Court has carefully evaluated the order dismissing

2    *Gomez* and considered the substance of *Gomez*, and agrees that *Gomez* qualifies as a strike

3    because the case was dismissed in its entirety for failure to state a claim.  *Andrews I*, 398 F.3d at

4    1121; *Harris*, 935 F.3d at 674.

5          (4)    *Trujillo v. Gonzalez-Moran*, C No. 17-15200 (9th Cir).  In *Gonzalez-Moran*, the

6    Ninth Circuit found that Plaintiff's appeal was frivolous and denied Plaintiff leave to proceed *in*

7    *forma pauperis*.  *Gonzalez-Moran*, Dkt. No. 11 (Jul. 28, 2017).  *Gonzalez-Moran* qualifies as a

8    strike because the case was dismissed as frivolous.  *See O'Neal v. Price*, 531 F.3d 1146, 1152 (9th

9    Cir. 2008) (case is "dismissed" for purposes of § 1915(g) "when the court denies the prisoner's

10   application to file the action without prepayment of the filing fee on the ground that the complaint

11   is frivolous, malicious or fails to state a claim, and thereupon terminates the complaint.");

12   *Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir. 1999) (court may count as strikes dismissals of

13   district court cases as well as dismissals of appeals).

14         Because Plaintiff has had at least three cases dismissed that count as "strikes" pursuant to

15   28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in this action unless he demonstrates

16   that he was in imminent danger of serious physical injury at the time he filed the complaint.

17   **D.    Complaint**

18         Plaintiff commenced this action by mailing a complaint to the Court on or about October

19   31, 2023.  Dkt. No. 1-3 at 2.  The operative complaint is docketed at Dkt. No. 4.[2]  The operative

20   complaint names as defendants Pelican Bay State Prison ("PBSP") correctional officers

21   Thompson, Etzel, C. Ochoa, and M. Ochoa.  Dkt. No. 4 at 2.  The complaint makes the following

22

23   [2] Plaintiff mailed in this complaint and other case-initiating documents from Plaintiff via postal
     mail.  *See generally* Dkt. No. 1.  However, pursuant to the Northern District of California's
24   General Order No. 76 ("GO 76"), prisoners within the custody of the California Department of
     Corrections and Rehabilitations ("CDCR") are required to submit case-initiating documents for
25   civil rights cases to the Court via electronic mail.  N.D. Cal. GO 76.  Accordingly, upon receipt of
     the complaint and other case-initiating documents, the Clerk of the Court sent Plaintiff a GO 76
26   deficiency notice, informing Plaintiff that he was required to comply with GO 76 or file a motion
     requesting permission to be exempt from GO 76's electronic filing requirement, and that failure to
27   do so would result in the case being dismissed without prejudice.  Dkt. No. 1 at 1.  On or about
     January 8, 2023, Plaintiff complied with the GO 76 requirement by filing a complaint by
28   electronic mail.  Dkt. No. 4.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   allegations, some of them inconsistent.  Defendant Etzel, or all Defendants, had Plaintiff assaulted

2   on May 22, 2022.  On August 1 and 2, 2023, Plaintiff was assaulted.  The August 2023 assaults

3   were a result of defendant Etzel's orders that Plaintiff be assaulted.  The August 2023 assaults

4   were ordered by all Defendants in retaliation for grievances filed against Defendants on December

5   4, 2021; June 1, 2021; and January 15, 2022, and federal civil rights litigation.  The assault was

6   carried out using anonymous resources to carry out Defendants' dirty work and by having

7   Plaintiff's cell door left open.  Defendants failed to protect Plaintiff from the August 2023

8   assaults.  Since the August 2023 assault to the date this complaint was filed, defendants

9   Thompson, C. Ochoa, and M. Ochoa have threatened to have Plaintiff beaten again.  Defendants

10  are conspiring with other PBSP correctional officers to have Plaintiff beaten again.  A video

11  conference was scheduled with the Office of Internal Affairs for September 15, 2023 to discuss the

12  August 2023 assaults, but Facility A Yard staff cancelled the interview to prevent Plaintiff from

13  complaining about the assaults.  Female correctional staff have falsely accused Plaintiff of

14  engaging in lewd acts in his cell.  *See generally* Dkt. No. 4.

15          **E.      Analysis**

16          The complaint's allegations do not support an inference that Plaintiff faced imminent

17  danger of serious physical injury from defendants Thompson, Etzel, C. Ochoa, and M. Ochoa on

18  October 31, 2023, the date Plaintiff provided the complaint to prison authorities for mailing.  Dkt.

19  No. 1-3 at 2.  The complaint alleges that Plaintiff was assaulted on August 1 and 2, 2023, pursuant

20  to Defendants' orders, and that they have since regularly threatened to have him beaten up, and

21  that Plaintiff was therefore in imminent danger of serious physical injury from Defendants as of

22  October 31, 2023.  The allegations that various CDCR officials have facilitated or ordered assaults

23  on Plaintiff, and threaten Plaintiff regularly with future beatings are the same allegations that

24  Plaintiff has made in his prior lawsuits over the past decade.  *See, e.g., Cruz v. Gutierrez*, C No.

25  19-cv-04726 HSG; *Cruz v. Kumbat*, C No. 19-cv-05825 HSG; *Cruz v. Pierston*, C No. 19-cv-

26  08039 HSG.  Despite the alleged constant verbal threats, it appears that Plaintiff has only been

27  assaulted three times in the last decade, once in May 2022 and twice in August 2023, with the

28  attackers being other inmates, not correctional guards.  With respect to the August 1 and 2, 2023

9

1    assaults, in *Cruz v. Calderon, et al.*, C No. 23-cv-05653 HSG, Plaintiff has accused different

2    PBSP officers of ordering the assaults.  *Cruz v. Calderon, et al.*, C No. 23-cv-05653, Dkt. No. 9 at

3    2 (Dec. 26, 2023).  The allegation in this complaint that defendants Thompson, Etzel, C. Ochoa,

4    and M. Ochoa are also responsible for the August 1 and 2, 2023 assaults are therefore

5    questionable.  Accordingly, assuming arguendo that defendants Thompson, Etzel, C. Ochoa, and

6    M. Ochoa have verbally threatened Plaintiff with assaults, it is speculative to conclude that

7    defendants Thompson, Etzel, C. Ochoa, and M. Ochoa would act upon these threats, given that it

8    is questionable that they ordered the August 2023 assaults.  Plaintiff's claim of imminent danger

9    of serious physical injury from Defendants at the time he filed the complaint is therefore fanciful

10   and speculative.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) ("assertions

11   of imminent danger of less obviously injurious practices may be rejected as overly speculative or

12   fanciful").  Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall

13   show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant

14   to the three strikes provision set forth in 28 U.S.C. § 1915.

15   **II.      Plaintiff's Request for Copy of Complaint and Blank Forms (Dkt. No. 7) and for 90
             Day Extension of Time (Dkt. No. 8)**

16

17           Plaintiff has requested that the Court provide him with a copy of the complaint that he

18   mailed to the Court by United States mail, and with a blank civil rights complaint form and a

19   blank *in forma pauperis* application, so that he may comply with the Court's electronic filing

20   obligation.  Dkt. No. 7.  Plaintiff has complied with the Court's electronic filing requirement.  Dkt.

21   No. 4.  The Court therefore DENIES as moot the request for a copy of the complaint and for a

22   blank civil rights complaint form and a blank *in forma pauperis* application.

23           Plaintiff has also requested a 90-day extension of time to file an amended complaint that

24   adds additional defendants.  Dkt. No. 8.  The Court DENIES this motion as moot.  Plaintiff may

25   amend his complaint once as a matter of course, and is not required to obtain leave of court, if the

26   amendment is filed no later than (1) 21 days after this complaint is served, or (2) if the pleading is

27   one to which a responsive pleading is required, 21 days after service of a responsive pleading or a

28   motion under Fed. R. Civ. P. 12(b), (e), (f), whichever is earlier.  Plaintiff is free to file an

United States District Court
Northern District of California

United States District Court
Northern District of California

1   amended complaint as the Court has not yet ordered service of the complaint, and whether service

2   will be ordered depends on whether Plaintiff may proceed *in forma pauperis* or pays the filing fee.

3

4                                                    **CONCLUSION**

5          For the reasons set forth above, the Court orders as follows.

6          1.      The Court DENIES Plaintiff's request that the Court provide him with a copy of

7   the complaint that he mailed to the Court by United States mail, and with a blank civil rights

8   complaint form and a blank *in forma pauperis* application, so that he may comply with the Court's

9   electronic filing obligation.  Dkt. No. 7.

10         2.      The Court DENIES Plaintiff's request for a 90-day extension of time to file an

11  amended complaint naming additional defendants.  Dkt. No. 8.

12         3.      The Court orders Plaintiff to, within **twenty-eight (28) days** of the date of this

13  order, show cause why his request for leave to proceed *in forma pauperis* should not be denied

14  pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.  Failure to respond in

15  accordance with this order will result in dismissal of this action without further notice to Plaintiff

16  pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court

17  order.

18         This order terminates Dkt. Nos. 7, 8.

19         **IT IS SO ORDERED.**

20  Dated:   2/16/2024

21  _____

22  HAYWOOD S. GILLIAM, JR.
    United States District Judge

23

24

25

26

27

28

11